**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDRE STEVENS, | No. C 10-4883 JSW (PR) |
|     Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
|   v. | |
| K. CLARK, Warden, | |
|     Respondent.                / | |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2007, a Lake County County Superior Court jury found petitioner guilty of first degree murder, subsequent to which the trial court sentenced petitioner to a total term of 52 years-to-life in state prison. Evidence presented at trial shows that petitioner stabbed to death his friend John Rayford McCoy because he believed that McCoy had had sex with petitioner's girlfriend. Petitioner testified at trial that he stabbed McCoy in self-defense:

> [Petitioner] testified that the fight was a fight over drugs and money, not [petitioner]'s girlfriend, and that the fight started in the living room and continued outside after McCoy pulled a knife on [petitioner], and [petitioner] wrestled the knife away from McCoy. But a trail of blood led from the kitchen, through the living room to outside. And [petitioner]'s hands, which he said he cut in his struggle with McCoy, were uninjured aside from a small abrasion and bruise, as photographs demonstrate. An eyewitness, Crowder, heard the fight start in the kitchen and saw [petitioner] chase McCoy from the house. Outside, several witnesses saw [petitioner] viciously attack a defenseless McCoy, and heard [petitioner] make obscene references to McCoy's alleged sexual relations with [petitioner]'s girlfriend.

(Ans., Ex. 5 at 8–9.)

After conviction, petitioner sought, but was denied, relief on state judicial review. This federal habeas petition followed. As grounds for federal habeas relief, petitioner alleges that (1) defense counsel provided ineffective assistance; and (2) the prosecutor committed misconduct in four instances.

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but

2

unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

### I.  Assistance of Defense Counsel

Petitioner claims that he received ineffective assistance because defense counsel (A) proceeded to trial without conducting adequate pre-trial investigation and proceeded to trial 90 days after the filing of the complaint when a competent attorney would have delayed trial for one to two years; (B) had little to no experience and had been only out of law school for two years; (C) visited petitioner to discuss the case in detail for the first time just a day before trial and failed to interview any defense witnesses; (D) actually was working with the prosecution; (E) went to trial only to accommodate the prosecution's witnesses' schedules; (F) failed to introduce important material facts during the defense part of the trial and failed to fully cross-examine the credibility of prosecution witnesses; (G) failed to locate and subpoena witness McCoy's parole officer; (H) treated his first homicide case like a petty assignment; and (I) failed to obtain key toxicology evidence.

Claims of ineffective assistance of counsel are examined under *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, the petitioner must establish two factors. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, *id.* at 687–68, "not whether it deviated from best practices or most common custom," *Harrington v. Richter*, 131 S.Ct. 770, 788 (2010) (citing *Strickland*, 466 U.S. at 690). "A court considering a claim of ineffective assistance must

3

apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance." *Richter*, 131 S.Ct. at 787 (quoting *Strickland*, 466 U.S. at 689). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Claims (A)–(E) and (H) lack merit. Petitioner's allegations are conclusory in that he fails to identify sufficient specific facts to support his claims. For instance, it is insufficient to say that defense counsel failed to interview witnesses. To succeed on such a claim, a habeas petitioner must identify a specific witness, describe in sufficient detail what testimony such witness would have offered, and show that had defense counsel procured such testimony, there is a reasonable probability that the outcome of the proceeding would have been different. This petitioner has failed to do either in whole or in part for each claim. Failure to identify such information is a failure to show that trial counsel's performance was deficient, or that the alleged deficiency resulted in prejudice. *See Gallego v. McDaniel*, 124 F.3d 1065, 1077 (9th Cir. 1997).

Claims (F)–(G) also lack merit. In these claims, petitioner alleges that defense counsel failed to have McCoy's prior convictions introduced into evidence. Such evidence, according to petitioner, would have bolstered his assertion that he acted in self-defense. At trial, defense counsel moved to admit such evidence to impeach the credibility of McCoy's dying declaration to police that petitioner had attacked him. The trial court denied such motion when it sustained an objection by the prosecutor.

The state appellate court rejected petitioner's claim that defense counsel rendered a deficient performance by failing to press for the admission of such evidence:

> There is no support for [petitioner]'s claim that trial counsel was incompetent for failing to offer McCoy's criminal convictions as proof of McCoy's violent character. [Citation removed.] Defense counsel was well aware that [petitioner] could have introduced evidence of McCoy's character, as the

4

> matter was addressed in the prosecutor's trial brief. Defense counsel appears to have made a strategic decision not to introduce such evidence, and sought to introduce McCoy's convictions for the limited purpose of witness impeachment. The strategy was reasonable. An attack upon McCoy's character would have opened the door to rebuttal evidence and, critically, to unfettered evidence of [petitioner]'s character for violence. [Citation removed.] [Petitioner] has a long and violent criminal history. By foregoing evidence of McCoy's criminal past, the defense avoided evidence of [petitioner]'s criminal past, which was significantly more violent than McCoy's. While some evidence of [petitioner]'s past criminality was introduced at trial for other purposes, far more evidence would have been admitted had the defense offered McCoy's criminal convictions as proof of McCoy's violent nature.

(Ans., Ex. 5 at 8.) The state appellate court also rejected petitioner's claim that prejudice resulted from defense counsel's performance:

> Even if trial counsel erred in failing to introduce evidence of McCoy's criminal convictions to support a claim of self-defense against McCoy's aggression, the error was without prejudice to [petitioner]. The evidence of [petitioner]'s guilt for deliberate and premeditated murder is overwhelming. The only evidence of self-defense is [petitioner]'s unconvincing testimony, which is sharply contradicted by the physical evidence and multiple eyewitnesses.

(*Id.*)

The state appellate court reasonably determined that petitioner did not receive ineffective assistance of counsel. Defense counsel's decision not to press for the admission of McCoy's criminal history was a reasonable tactical decision under the circumstances. As the state appellate court concluded, the admission of such evidence under another theory would have allowed the prosecutor to introduce evidence of petitioner's violent criminal history. Furthermore, there has been no showing of prejudice as the evidence of petitioner's guilt is quite strong. His version of events is contradicted by both the testimony of eyewitnesses and the physical evidence, which show that petitioner stabbed to death a defenseless McCoy. Also, the record does not support petitioner's claim that defense counsel did not sufficiently challenge the credibility of defense witnesses. On such a record, petitioner has not shown that he is entitled to habeas relief on these claims.

Claim (I) likewise lacks merit. As is explained more thoroughly in a later section, petitioner specifically declined to pursue an intoxication defense theory when defense

5

counsel asked him about it. Having declined such a defense, petitioner cannot plausibly contend that defense counsel rendered ineffective assistance by not pursuing such defense. Petitioner's claims are DENIED.

## II.     Alleged Prosecutorial Misconduct

Petitioner also alleges that the prosecutor committed misconduct by (A) knowingly misleading the jurors regarding McCoy's history of violence and criminal background; (B) failing to instruct the jury on all elements of the law; (C) withholding important defense evidence; and (D) presenting coerced and falsified testimony.

A defendant's due process rights are violated when a prosecutor's misconduct renders a trial "fundamentally unfair." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Under *Darden*, the first issue is whether the prosecutor's remarks were improper; if so, the next question is whether such conduct infected the trial with unfairness so that there was a due process violation. *Tan v. Runnels*, 413 F.3d 1101, 1112 (9th Cir. 2005). In order to prevail on federal habeas review, the prosecutor's misconduct must have resulted in prejudice, that is, the misconduct must have had a substantial and injurious effect or influence in determining the jury's verdict. *Johnson v. Sublett*, 63 F.3d 926, 929 (9th Cir. 1995) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

### A.     Misleading Jurors

In response to defense counsel's assertions that McCoy was a "homicidal maniac" and a gang member, the prosecutor stated, "Ladies and Gentlemen, as the defense conceded to you that they have no proof, not one shred of evidence did they present to you that Mr. McCoy is a gang member or some type of homicidal maniac drug enforcer. There's no evidence of that." (Ans., Ex. 5 at 10.) Petitioner claims that this statement constituted prosecutorial misconduct. The state appellate court did not agree, and rejected petitioner's claim:

> The argument was proper. [Petitioner] never testified that McCoy was a drug dealer, and the prosecutor was entitled to argue that there was no evidence that McCoy was a homicidal maniac drug enforcer. McCoy's prior criminal convictions do not constitute unadmitted evidence on this point that the

6

> prosecutor suppressed, as [petitioner] argues on appeal.  Years before the stabbing, McCoy had been convicted of felony discharge of a firearm in a grossly negligent manner and felony drug possession while carrying a loaded firearm.  Neither of these convictions proves McCoy to be a homicidal maniac drug enforcer.
>
> There was no prosecutorial misconduct. In closing arguments to juries, prosecutors are entitled to vigorously argue their cases and 'have wide latitude to draw inferences from the evidence presented at trial.' [Citation removed.]

(Ans., Ex. 5 at 10–11.)

The state appellate court reasonably determined that the remarks were not improper and therefore that there was no prosecutorial misconduct.  The prosecutor's statement was a fair comment on the state of the evidence, and a response to defense counsel's allegations.  Defense counsel invited such a response thereby rendering petitioner's current objections unwarranted.  Petitioner's claim is DENIED for want of merit.

### B.    Instructing the Jury

In his closing argument, the prosecutor showed the jury copies of various jury instructions with portions of such instructions blacked out.  They were so presented because the prosecutor sought to "emphasize some jury instructions — at least part of some."  Defense counsel, the prosecutor asserted, "is going to do the same." (Ans., Ex. 16 at 766.)  The prosecutor also stated, "Remember, you can get a complete copy of the jury instructions if you request them and they may be even furnished to you when you deliberate." (*Id.*)  Petitioner claims that talking about only part of instructions misled the jury and constituted misconduct.  Petitioner did not raise this claim to the state appellate court.

Petitioner's claim fails.  As the prosecutor noted, the jury would receive prior to deliberations the full appropriate instructions from the trial court, which had also instructed the jury that it was to rely solely on the law as given by the court and to ignore any contrary instructions from the prosecutor or defense counsel. (*Id.* at 840.)  Jurors are presumed to follow the trial court's instructions. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987).  Accordingly, petitioner's claim is DENIED for want of merit.

### C. Withholding Evidence

Petitioner claims that the prosecutor withheld from the defense two toxicology reports, specifically, petitioner's and McCoy's. According to petitioner's state appellate brief, these reports were not disclosed to the defense until after the presentation of evidence, though he did receive them prior to the rendering of the verdict. (Pet. at 145.) Petitioner asserts that this evidence was material to his defense. Such evidence would have shown that McCoy and petitioner were both intoxicated on drugs and alcohol on the night of the crime, thereby supporting petitioner's assertion that McCoy was the aggressor and that petitioner did not possess the requisite mental state to commit a homicide. Petitioner's toxicology report showed that marijuana, cocaine, and alcohol were present in his body at the time of the offense. (Pet. at 54.)

The government has an obligation to surrender favorable evidence that is "material either to guilt or to punishment," even if the defendant does not request disclosure of such evidence. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Agurs*, 427 U.S. 97, 107 (1976). To establish a *Brady* violation, the defendant must show that the favorable evidence was suppressed by the state, either willfully or inadvertently, resulting in prejudice. *Morris v. Ylst*, 447 F.3d 735, 741 (9th Cir. 2006). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985) (citation omitted). A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks and citation omitted).

Petitioner has not shown the late disclosure of McCoy's toxicology report resulted in a *Brady* prejudice. At trial, the Lake County Sheriff's forensic toxicologist testified that no alcohol or drugs were detected in McCoy's blood, but traces of cocaine and marijuana were found in his urine. (Ans., Ex. 16 at 522–24.) Because the drugs had passed from his blood to his urine, the drugs were not active in his system 24 hours before he was stabbed, a fact testified to by both the toxicologist (*id.*), and the county's forensic pathologist, who

1 performed McCoy's autopsy (*id.* at 545–46). The fact that McCoy was not intoxicated at the
2 time of the offense nullifies any claim that petitioner was prejudiced by the late disclosure of
3 the report. Furthermore, as the state appellate court concluded,

> [Petitioner] testified that McCoy attacked him with a knife and said, "You're a dead man." The jury did not need to consider if [petitioner]'s intoxication may have led him to misperceive this situation as life-threatening; if the jury were to believe [petitioner]'s account, the threat is plain. The jury, however, rejected [petitioner]'s testimony that he was attacked by McCoy and found that [petitioner] killed McCoy with premeditation. There is, in fact, overwhelming evidence of [petitioner]'s guilt for deliberate and premeditated murder[.]

9 (Ans., Ex. 5 at 16.)

10 Petitioner's claim based on the late disclosure of his toxicology report also fails.
11 According to petitioner's state appellate brief, petitioner firmly rejected using an intoxication
12 defense, and stated that he was unwilling to assist in preparing such a defense. (Pet. at 146.)
13 On such facts, petitioner has not shown that he suffered any prejudice. Because he rejected
14 an intoxication defense, he cannot plausibly show that there is a reasonable possibility that
15 earlier disclosure would have changed the outcome of the trial. On such a record,
16 petitioner's claim is DENIED.

### D. Presenting Coerced and False Testimony

18 Petitioner claims that the prosecutor committed misconduct by coercing witnesses into
19 giving false testimony. Petitioner cites to various bits of testimony as evidence of coercion.
20 There is nothing in the transcript, however, that creates an inference, let alone a showing, that
21 the prosecutor coerced these or any witnesses. A review of the transcript, however, shows no
22 evidence of coercion by the prosecutor. Accordingly, petitioner's claim is DENIED.

### CONCLUSION

24 The state court's adjudication of the claim did not result in a decision that was
25 contrary to, or involved an unreasonable application of, clearly established federal law, nor
26 did it result in a decision that was based on an unreasonable determination of the facts in
27 light of the evidence presented in the state court proceeding. Accordingly, the petition is

9

DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

DATED: February 1, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

**United States District Court**
For the Northern District of California

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANDRE L. STEVENS,

        Plaintiff,

 v.

CLARK, et al,

        Defendant.

Case Number: CV10-04883 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 1, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andre L Stevens
F90767
PVSP C Yard 3-214
P.O. Box 8500
Coalinga, CA 93210

Dated: February 1, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk